UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fahmy K.A.,                                         File No. 26-cv-223 (ECT/DLM)

      Petitioner,

v.                                                                    **ORDER**

United States of America,

      Respondent.

Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") dated April 14, 2026.  ECF No. 10.  Judge Micko recommends that Petitioner Fahmy K.A.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1] be denied.  ECF No. 10.  Fahmy objects to the R&R, ECF No. 12, and therefore, the R&R is subject to *de novo* review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). This Order presumes familiarity with the R&R.

Fahmy objects to the R&R on three grounds.  (1) Fahmy first argues that he "did not resist in getting travel documents in the summer of 2025."  ECF No. 12 at 1.  This assertion is unpersuasive in light of Respondent's evidence that Fahmy was uncooperative in obtaining his travel documents.  *See* ECF No. 5 ¶¶ 14–15; ECF No. 5-6.

(2) Fahmy next argues that Respondent unlawfully attempted to remove Fahmy to Ethiopia on January 15, 2026, rather than Sudan, and that he refused to get on the plane because he does "not have a removal order to Ethiopia and [is] not from there."  ECF No. 12 at 1.  As noted in the R&R, it is not entirely clear whether Respondent attempted to

deport Fahmy to Sudan or Ethiopia.  In a declaration, an Immigration and Customs Enforcement deportation officer attested that Fahmy was advised he was going to be sent on an airplane to Sudan.  ECF No. 8 ¶ 7.  Later in the declaration, the officer attested that Fahmy "was ticketed . . . to Chicago, IL and Addis Ababa, Ethiopia," but did not mention any connecting flight to Sudan.  *Id.* ¶ 8.  Even if Respondent attempted to remove Fahmy to Ethiopia, Fahmy's Petition does not allege there was an unlawful attempt to deport him to a third country.  *See* ECF Nos. 1.  The Petition does not, for example, allege that he lacked proper notice of Respondent's intent to remove him to a third country.  *See id.* Because there is some plausibly lawful basis to remove Fahmy to a third country, *see* 8 U.S.C. § 1231(b)(2), and Fahmy has failed to allege any attempt to do so was unlawful in his Petition, this argument is not properly before the Court, *see Dillard v. Watson*, No. 17-cv-4802 (JNE/DTS), 2018 WL 3928817, at *5 (D. Minn. Aug. 16, 2018) ("Theories or claims not raised in a habeas petition are ordinarily deemed waived." (quoting *Davis v. Grandlienard*, No. 13-cv-2449 (DSD/JJK), 2015 WL 1522186, at *28 (D. Minn. Mar. 31, 2015), *aff'd*, 828 F.3d 658 (8th Cir. 2016))).

(3) In his final objection, Fahmy contends that Respondent has failed to provide "specifics about th[e] processes" by which Sudan is repatriating its citizens and has not provided any "timeline or proof" that Fahmy will be removed in the reasonably foreseeable future.  ECF No. 12 at 2.  The final objection is also unpersuasive.  As outlined in the R&R, Respondent has provided evidence Sudan is issuing travel documents to its citizens.  ECF No. 5 ¶¶ 14, 16; *see also* ECF No. 5-5 (indicating there has been discussion between the United States and the government of Sudan).  Indeed, Fahmy himself has received a valid

2

travel document from Sudan.  ECF No. 5 ¶ 16.  Although Respondent has not provided a timeline for Fahmy's charter flight to Sudan, the evidence submitted by Respondent indicates efforts are being made to schedule a charter flight.  *See* ECF No. 5 ¶ 20.  And in light of Fahmy's recent January 15 efforts to thwart his removal, it cannot be said his removal is not significantly likely in the reasonably foreseeable future.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Therefore, based on the foregoing and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1.  The Report and Recommendation [ECF No. 10] is **ACCEPTED**.

2.  Petitioner's objections to the Report and Recommendation [ECF No. 12] are **OVERRULED**.

3.  Petitioner Fahmy K.A.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

4.  This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 27, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court

3